■ In the Matter of the Estate of JULIUS B. DAVENPORT, Deceased. CHASE MANHATTAN BANK, as Trustee, Respondent; DANIEL EISENBERG, as Special Guardian for RICHARD S. BARNES, JR., and Others, Infants, Appellant.— In a proceeding for the judicial settlement of a trustee's account, the special guardian of infant contingent remaindermen of two trusts for the benefit of Jeanette D. Barnes appeals, as limited by his brief, from those parts of a decree of the Surrogate's Court, Kings County, entered June 2, 1966, which (a) approve the trustee's allocation to the income account of each trust 210 shares, and to the principal account of each trust 150 shares, of the common stock of General Electric Company and (b) allow principal and income com-

missions to the trustee, insofar as they are based upon the aforesaid stock allocation. Decree reversed insofar as appealed from, on the law and the facts, with costs to the parties filing separate briefs, payable out of the income accounts of the two trust estates herein involved, and proceeding remitted to the court below for further proceedings not inconsistent herewith. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. The trusts herein involved were created under a will executed in 1917. The will contained no provision for the allocation of stock distributions between principal and income of the trusts. Hence, the "intact value" principle of *Matter of Osborne* (209 N. Y. 450) applies to stock distributions on the shares held by these trusts at the time of their creation. When these trusts were created in 1926, each of them held 7½ shares of General Electric stock; the "intrinsic value" or "intact value" of those shares computed in the manner outlined in *Osborne* (*supra*) was $1,107.15. By reason of a number of intervening stock splits, in 1954 each trust held 120 shares of this stock, all in its principal account. In 1954 General Electric made a 3 for 1 stock distribution, so that each trust received 360 new shares in place of the 120 old ones that it previously held. The "intrinsic value" of each of these 360 new shares, again computed in the manner outlined in *Osborne*, was $5. Hence, to maintain the "intact value" of the principal of each trust, namely $1,107.15, 221.43 of the 360 new shares in each trust must be allocated to its principal account, with the balance of 138.57 shares allocated to its income account. Further, the principal and income commissions must be recalculated accordingly. Beldock, P. J., Christ, Rabin, Benjamin and Munder, JJ., concur.